UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:26-cv-20311-GAYLES

WILLIAM REYES GOMEZ,

      Petitioner,

v.

PAMELA BONDI, Attorney General of
the United States, et al.,

      Respondents.
_____/

## ORDER

THIS CAUSE comes before the Court on Petitioner William Reyes Gomez's Petition for Writ of Habeas Corpus (the "Petition") against Respondents Pamela Bondi, Attorney General of the United States; Kristi Noem, Secretary of the United States Department of Homeland Security;[1] Todd M. Lyons, Acting Direct, U.S. Immigration and Customs Enforcement; Garret J. Ripa, Field Office Director, ICE Enforcement and Removal Operations; Warden of FDC Miami Federal Prison; and all other persons having custody of Petitioner (together, "Respondents"). [ECF No. 1]. Petitioner challenges his detention at the Federal Detention Center in Miami ("FDC") without being afforded an individualized bond determination. *See generally id*. Respondents filed a Response in Opposition to the Petition [ECF No. 8]. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is **GRANTED IN PART**.

_____

[1] Kristi Noem is no longer Secretary of the Department.

## I.   BACKGROUND

### A.   Petitioner's Immigration History in the United States

In April 2004, Petitioner, a Honduran national, entered the United States. [ECF No. 1]; [ECF No. 8-1]. He was not inspected, admitted, or paroled. [ECF  No. 8-1].

On May 4, 2008, Petitioner was arrested and charged with (1) driving under the influence, (2) fleeing and eluding escape, and (3) operating a motor vehicle without a valid license. *Id.* He was adjudicated guilty and sentenced to 2 days in jail and two years of probation. *Id.*

On November 25, 2025, Petitioner was arrested and charged with operating a motor vehicle without a valid license and held at the Escambia County Jail in Florida. After being notified of Petitioner's arrest, U.S. Immigrations and Customs Enforcement ("ICE") issued a Form I-247A Immigration Detainer for Petitioner. *Id.* On November 28, 2025, Petitioner was transferred from the Escambia County Jail to the custody of ICE. The same day, ICE served Petitioner with a Notice to Appear ("NTA") which charges him with inadmissibility pursuant to INA §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). [ECF No. 8-3]. The record reflects that Petitioner was scheduled for a hearing before the Krome Immigration Court on February 9, 2026.[2]

To date, Petitioner remains in ICE custody at FDC. [ECF No. 1]. Petitioner is married to a United States citizen and has one child who is also a United States citizen. [ECF No. 1-1]. Petitioner has an approved I-130 Petition for Alien Relative and a steady work history. *Id.*

### B.   Petitioner's Habeas Petition

On December 22, 2025, Petitioner, proceeding *pro se*,[3] filed the Petition alleging three counts: Violation of Due Process: Unlawful Detention Where Release on Conditions is Required (Count I); Violation of Due Process: Arbitrary Arrest and Detention Without Judicial Warrant

---

[2] The record does not the results of that hearing.
[3] Counsel has since entered an appearance for Petitioner.

(Count II); and Violation of Due Process: Failure to Consider Less Restrictive Alternatives to Detention (Count III). *Id*. Petitioner asks this Court to grant his Petition for Writ of Habeas Corpus or to order that he be provided an individualized bond hearing under 8 U.S.C. § 1226(a). *Id.* at 14. On February 10, 2026, Respondents filed a Response in Opposition to the Petition, arguing that Petitioner is not entitled to an individualized bond hearing because Petitioner is detained under 8 U.S.C. § 1225(b)(2), not § 1226(a). [ECF No. 8].

## II.     LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . ." 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). This Court has jurisdiction over challenges involving immigration detention as to whether Petitioner is detained subject to § 1225(b)(2) or § 1226(a). *See, e.g., Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) (holding the Court has jurisdiction to decide whether petitioner is subject to § 1226(a) or § 1225(b)(2)); *Nguyen v. Parra*, No. 25-CV-25325-JB, 2025 WL 3451649, at *2 (S.D. Fla. Dec. 1, 2025) (same).

## III.    ANALYSIS

### A. Detention

The core disagreement between Petitioner and Respondents is whether Petitioner is detained under § 1225(b)(2), and is thus ineligible for bond, or § 1226(a), which allows for release on bond. Section 1225(b) governs the inspection of applicants for admission, which is defined in § 1225(a)(1) as "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . ." 8 U.S.C. § 1225. Detention for applicants for admission under § 1225(b)(2) is mandatory and, as such, an applicant for admission is ineligible for bond. *See, e.g.,*

3

*Nguyen*, 2025 WL 3451649, at \*3 (citing *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at \*8 (D. Mass. July 7, 2025)).

In contrast to applicants seeking admission into the United States, "[§ 1226(a)] also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings. . . ." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) states that a noncitizen already present in the United States "may be arrested and detained pending a decision on whether the alien is to be removed from the United States" and may be released on bond. 8 U.S.C. § 1226(a)(2). Thus, this statute "establishes a discretionary detention framework," *Gomes,* 2025 WL 1869299, at \*2, unlike the mandatory detention framework of § 1225(b)(2). Importantly, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

On July 8, 2025, the DHS issued a notice to all ICE employees, indicating that any noncitizen in the United States who has not been formally admitted or paroled shall be considered an applicant for admission and shall be subject to § 1225(b)(2). *See, e.g., Merino v. Ripa, 2025 WL 2941609, at* \*3 (citing ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission, AILA Doc. No. 25071607 (July 8, 2025)). Following this interpretation, the BIA held in *Matter of Yajure Hurtado* that an immigration judge had no authority to provide a bond hearing to a noncitizen, who had been living in the United States for years without admission or parole, because he is an applicant for admission under § 1225(b)(2), subject to mandatory detention. 29 I&N Dec. 216 (BIA 2025).

District Courts have overwhelmingly rejected the BIA's interpretation. "DHS's interpretation of the applicability of § 1225(b)(2), rather than § 1226, to noncitizens who have resided in the country for years and were already in the United States when apprehended, runs

afoul of the statutes' legislative history, plain meaning, and interpretation by courts in the First, Second, Fifth, Sixth, Eighth, and Ninth Circuits."[4] *Merino,* 2025 WL 2941609, at *3 (citing cases); *see also Puga*, 2025 WL 2938369, at *2 ("As explained, the statutory text, context, and scheme of section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so. Additionally, numerous courts that have examined the interpretation of section 1225 articulated by Respondents — particularly following the BIA's decision in *Matter of Yajure Hurtado* — have rejected their construction and adopted Petitioner's."); *Nguyen*, 2025 WL 3451649, at *3; *Ardon-Quiroz,* 2025 WL 3451645, at *7.

The Court agrees that the plain reading of the statute supports a finding that Petitioner, who has been living in the United States since 2004, is governed by § 1226(a) and not § 1252(b)(2). Petitioner is therefore entitled to a bond hearing under § 1226(a), and Count I is granted in part. The Court declines to reach the merits of Petitioner's due process claims in Counts II and III as the Court is granting in part the relief requested for Count I. *See, e.g.*, *Nguyen*, 2025 WL 3451649, at *4 (declining to reach the merits of the petitioner's due process claim because it granted the requested relief in other counts but allowing the petitioner to reassert its due process claim if the respondents do not provide a bond hearing); *Puga*, 2025 WL 2938369, at *6 (same). If Respondents do not comply with this Order by providing Petitioner a bond hearing under § 1226(a), Petitioner may renew his due process claims. Since Counts II and III are "unripe claim[s] contingent on Petitioner not receiving a custody determination hearing under section 1226(a), 'the

---

[4] The Court acknowledges the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which agreed with the government's position here. But that decision "distort[s] the statutory text, abstract[s] it from its context and history, ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme, and wave[s] away the [government's] previous failure to detain millions of noncitizens as if it were a rounding error." *Id.* at 509 (Douglas, J., dissenting). Indeed, the Fifth Circuit's decision "is not binding here, and it contradicts the vast majority of district court opinions addressing the issue." *Lobovillalobos v. Hardin*, No. 2:26-cv-00446, 2026 WL 621380, at *2 n.1 (M.D. Fla. Mar. 5, 2026).

Court must dismiss it without prejudice[.]'" *Nguyen*, 2025 WL 3451649, at *4 (citing *Babilla v. Allstate Ins. Co.*, No. 20-cv-1434, 2020 WL 6870610, at *1 (M.D. Fla. Aug. 27, 2020)).

### B.  Exhaustion of Administrative Remedies

Respondents also argue that the Court should dismiss the Petition because Petitioner has failed to exhaust administrative remedies. [ECF No. 8]. Not so. "[E]xhaustion is not required where . . . an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). Importantly, the exhaustion requirement under 8 U.S.C. § 1252(d)(1) is prudential, "not jurisdictional." *Kemokai v. U.S. Att'y Gen.,* 83 F.4th 886, 891 (11th Cir. 2023). Here, since any "subsequent bond appeal to the BIA is nearly a foregone conclusion under *Yajure Hurtado*, any prudential exhaustion requirements are excused for futility." *Puga*, 2025 WL 2938369, at *2; *see also Ardon-Quiroz v. Assistant Field Dir.,* No. 25-CV-25290-JB, 2025 WL 3451645, at *5 (S.D. Fla. Dec. 1, 2025).

### IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)     Petitioner William Reyes Gomez's Petition for Writ of Habeas Corpus [ECF No. 1], is **GRANTED IN PART**. The Court finds that Petitioner falls under 8 U.S.C. § 1226(a).

(2)     Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **April 3, 2026**, or otherwise release Petitioner.

(3)     Count II of the Petition is **DISMISSED WITHOUT PREJUDICE**.

(4)      This case is **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of March, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE